

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:05-CR-78(12)** |
| | § | |
| **RICKEY D. RYALLS** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Rickey D. Ryalls, violated conditions of supervised release imposed by United States District Judge Thad Heartfield. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #554) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on August 16, 2018, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that her plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On March 22, 2006, The Honorable Thad Heartfield of the Eastern District of Texas sentenced the defendant after he pled guilty to the offense of possession with intent to distribute less than 5 grams of cocaine base, a Class C felony. Judge Heartfield sentenced Mr. Ryalls to 151 months imprisonment to be followed by three (3) years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure; drug testing and treatment, and participation in GED classes. On May 2, 2016, Mr. Ryalls completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated the following mandatory condition of release:

*The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.*

Specifically, Mr. Ryalls was arrested on July 3, 2017, by the Beaumont Police Department and charged with Aggravated Assault with a Deadly Weapon (Family) (a 1st degree felony), Aggravated Assault with a Deadly Weapon (a 2nd degree felony), Unlawful Possession of Firearm by Felon (a 3rd degree felony), and Theft of Firearm (a state jail felony). In addition to the above-cited charges occurring July 3, 2017, one of the investigators of this charge advised that Mr. Ryalls later admitted to "handling the gun and having his fingerprints on it."

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the matter proceeded to a final contested hearing, the Government would establish that on July 3, 2017, Mr. Ryalls was arrested and charged as set forth in the petition. The evidence would further show that a federal grand jury indicted Mr. Ryalls on August 10, 2017, here in the Eastern District of Texas. He later pled guilty to the charge of being a felon in possession of a firearm and was sentenced to 71 months in prison in case number 1:17-CR-122 in this district.

Defendant, Rickey D. Ryalls, offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he possessed a firearm in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by possessing a firearm. This conduct constitutes a Grade B violation under U.S.S.G. § 7B1.1(a)(2). Upon finding a Grade B violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon the Defendant's criminal history category of VI and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 21 to 27 months. *See* U.S.S.G. § 7B1.4(a). The maximum term of imprisonment in this case is statutorily capped, however, at 24 months because the original offense of a conviction was a Class C felony. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United*

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

4

*States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Rickey D. Ryalls, committed a Grade B violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Rickey D. Ryalls, to serve a term of **nine (9) months imprisonment**, with no further term of supervision to follow.

The undersigned acknowledges that this recommended sentence constitutes a downward departure given that the suggested Guideline range is 21-24 months. The Government agreed to this lesser sentence and stated a justification on the record, noting that United States District Judge Marcia A. Crone recently sentenced Ryalls to a term of 71 months imprisonment on the felon in possession charges made the basis of the alleged supervision violations in this case. *See Judgment*, Doc. #31 in Case No. 1:17-CR-122 (E.D. Tex.). The Government argued that the variance in this case is appropriate because Mr. Ryalls was sentenced in the new case for the same conduct and that prison term will run consecutively to any revocation sentence imposed herein. Accordingly, in light of the new sentence in 1:17-CR-122, the Government stated that the lesser sentence in this case is justified. The Court agrees. In support, the Court incorporates the parties' agreement regarding the sentence as well as Mr. Ryall's acceptance of responsibility and the overall procedural circumstances. The undersigned accordingly finds it appropriate to

deviate below the applicable Guideline range.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 17th day of August, 2018.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE